UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SHIRLEY KELLY** | * | **CIVIL ACTION NO. 10-00879** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **DOLGENCORP, LLC, D/B/A DOLLAR GENERAL and CHASITY FATHEREE** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>MEMORANDUM RULING</u>

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 7] filed by Shirley Kelly.[1]  Removing defendant opposes the motion.  For reasons stated below, the motion is **GRANTED**.

BACKGROUND

On April 18, 2010, Shirley Kelly (hereinafter "Kelly") filed the instant suit in the 4th Judicial District Court, for the Parish of Morehouse, State of Louisiana, against defendants Dolgencorp, LLC d/b/a Dollar General ("Dollar General") and Chasity Fatheree ("Fatheree"), a Dollar General store manager.  The petition alleges that, on or about May 1, 2009, Kelly tripped and fell near the checkout counter at the Dollar General located in Bastrop, Louisiana.  (Petition, ¶ 3-4).  Kelly claims injuries resulting from her fall.  (*Id.*, ¶ 6.)

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiff contends that the accident was caused "solely by the actions and omissions" of Dollar General and store manager Fatheree. (*Id.*, ¶ 5.) Plaintiff seeks recovery for her resultant bodily and mental injury damages.[2] (*Id.*, ¶ 7, Prayer.)

On June 2, 2010, Dollar General removed this suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Dollar General is a Kentucky corporation, with its principal place of business located in the state of Tennessee. (*Id.*) Plaintiff Kelly is a citizen of Louisiana, as is defendant Fatheree. (Petition, Preamble; Notice of Removal). To circumvent the patent lack of diversity between the parties, removing defendant contends, based on the allegations set forth in her petition, that plaintiff improperly joined Fatheree. *See* Notice of Removal. Plaintiff disputes this assessment, and on June 25, 2010, filed the instant motion to remand because of incomplete diversity, i.e. lack of subject matter jurisdiction.

On July 15, 2010, defendant filed its opposition to the motion to remand. The matter is now before the court.

## LAW AND ANALYSIS

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and

---

[2] Kelly's damages include "pain and suffering, mental anguish, past and future lost wages, medical expenses past and future, permanent disabilities, loss of earnings and earning capacity, loss of enjoyment of life, household services and other items of special damages." (Petition, ¶ 6).

ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

I.   **Amount in Controversy**

Defendant Dollar General invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a).

The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be based upon conclusory allegations. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (citations omitted).

In their initial Notice of Removal, defendants correctly state that a court can determine that removal was proper if it is "facially apparent" that plaintiff's claims are likely above the required amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Defendants then

argue that it was facially apparent from plaintiff's petition that the amount in controversy exceeded the jurisdictional minimum because plaintiff alleged damages including "pain and suffering, mental anguish, past and future lost wages, medical expenses past and future, permanent disabilities, loss of earnings and earning capacity, loss of enjoyment of life, household services and other items and special damages." (Notice of Removal.) However, defendants do not provide any supporting documentation to establish the required amount in controversy. Plaintiff's allegations are general and conclusory; she does not allege any specific physical injuries she suffered, emergency transportation, hospital stays, specific types of medical treatment, what the costs of any treatment were, or whether her injuries and/or treatment persist.

The court finds that it was not "facially apparent" from the complaint that the amount in controversy exceeded $75,000 at the time of removal. Merely because plaintiff has not argued that her damages are below the jurisdictional threshold does not relieve defendants of their burden to establish subject matter jurisdiction. *Simon, supra*. In addition, the fact that plaintiffs have not argued lack of amount in controversy as a basis for remand is irrelevant, as jurisdiction cannot be conferred by consent. Accordingly, defendants have not established amount in controversy and remand for lack of subject matter jurisdiction would be appropriate on this basis alone.

**II.     Complete Diversity**

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). To circumvent the lack of diversity between plaintiff and defendant Fatheree, removing defendant invokes the improper

4

joinder doctrine. The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether removing defendant has demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against him. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[3] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts

---

[3] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

5

that would preclude plaintiff's recovery against the in-state defendant." *Id*.[4] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*. If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id*.

    a)    **<u>Corporate Officer or Employee Liability</u>**

Louisiana law provides that in limited circumstances a corporate officer or employee may be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing, *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936. Liability may be imposed on a manager under the following conditions:

    1.    The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.

    2.    The duty is delegated by the principal or employer to the defendant.

    3.    The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

---

[4] In other words, facts that can be easily disproved if not true. *Id*.

    4.    With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing, *Canter*, 283 So.2d at 721).

It is manifest that, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La.1993) (citations omitted). Furthermore, "[t]he owner or custodian is required to discover any unreasonably dangerous conditions on the premises and correct the condition or warn potential victims of its existence." *Hutchison v. Knights of Columbus, Council No. 5747,* 847 So.2d 665 (La. App. 4th Cir. 5/7/2003), *affirmed*, 866 So.2d 228 (La. 2004). *Id.* An employee can be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship between the employee and her employer. *Canter*, 283 So.2d at 722-723.

    b)    **<u>Analysis</u>**

During the relevant period, the non-diverse defendant in this case, Chasity Fatheree, was the store manager at the Dollar General where Kelly was injured. (Petition, ¶¶ 1, 5). Plaintiff alleges *inter alia* that Fatheree "failed to take steps to avoid an impending accident." (*Id.*, ¶ 5.) Plaintiff further alleges that Fatheree "created a hazardous situation which foreseeably endangered customers." (*Id.*)

As the Fifth Circuit observed, "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.'" *Id*. (citing *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E. D. La.1992); *compare Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (non-diverse defendants were not aware of the alleged unreasonably dangerous condition). In her petition, plaintiff alleges that defendants, including Fatheree, failed to exercise due care, and that they actually created the hazardous situation which resulted in harm to plaintiff. One who creates a hazardous situation should certainly have knowledge of it. Accordingly, the allegations of the petition satisfy the *Canter* criteria. Once plaintiff states a claim against the non-diverse defendant, her "lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was [improperly] joined." *Travis*, 326 F.3d at 650-651. At this juncture, defendant must come forward with evidence to negate a possibility of liability against the non-diverse defendant. *Id*.[5] Dollar General has not done so, and thus has failed to preclude the reasonable possibility that Fatheree is subject to liability under state law.[6]

---

[5] "[S]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [plaintiff] to establish [the non-diverse defendant]'s liability at trial." *Id*.

[6] The court cautions that this is not a motion for summary judgment where after defendant makes an initial showing, the burden of proof shifts to plaintiffs to set forth competent summary judgment evidence to support each element of her claim against the non-diverse

**III.     Defendant's Motion to Strike**

Also at issue is a motion by defendants to strike portions of an affidavit provided by plaintiff in support of the underlying motion to remand. [doc.# 13] *See* Affidavit of Shirley Kelly [doc. # 7]. Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e) (in pertinent part). While an affidavit need not contain an explicit statement that it is based upon personal knowledge, it must include sufficient factual support to establish that the affiant possesses the requisite knowledge. *Thomas v. Atmos Energy Corp.*, 223 Fed. Appx. 369 (5th Cir. 2007) (unpubl.) (citing *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995)).

In the case *sub judice*, plaintiff's affidavit provides that "[i]mmediately following [plaintiff's] fall, the check out employee shouted for the manager, telling the manager that she had asked her before to have that hole covered before someone was hurt." Plaintiff claims that the "affidavit specifically identifies the described parties as employees." (Affidavit [doc. # 7].) While the neither the names nor a description of the employee or manager is given, the Petition does specifically identify Fatheree as **the** store manager, and the affidavit likewise identifies the person spoken to as the store manager, and as a female. Defendants have not presented any evidence that the store in question had more than one manager, much less more than one female manager. Thus, the affidavit, which is based on plaintiff's actual knowledge, and which is relevant in that it provides additional support for plaintiff's claim that Fatheree was actually

---

defendant. Rather, in the context of a motion to remand, removing defendant has the onerous burden of proving no reasonable possibility of recovery by plaintiffs against the non-diverse defendant.

9

aware of the hazard in question, is competent evidence. Therefore, the motion to strike is DENIED.

However, even if the motion to strike had been granted, remand of plaintiff's claims is required on the bases of lack of amount in controversy and on the finding that the petition does state a claim against Fatheree, the non-diverse defendant. 28 U.S.C. § 1447.

**IV.     Conclusion**

For the foregoing reasons,

The motion to remand [doc. # 7] filed by plaintiff Shirley Kelly is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Morehouse.

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of September, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE