UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHIRLEY KELLY** | **CIVIL ACTION NO. 10-879** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DOLGENCORP, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is Defendants Chasity Fatheree ("Fatheree") and Dolgencorp, LLC's ("Dolgencorp") Appeal [Doc. No. 27] of Magistrate Judge Karen L. Hayes' Memorandum Ruling [Doc. No. 25] granting Plaintiff Shirley Kelly's ("Kelly") Motion to Remand [Doc. No. 7], denying Defendants' Motion to Strike [Doc. No. 13], and remanding this case to state court. For the following reasons, Defendants' Appeal is DENIED, and the Magistrate Judge's Memorandum Ruling is AFFIRMED.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged trip and fall accident at a variety store.

Plaintiff alleges that, on May 1, 2009, she tripped and fell near the checkout counter at the Dollar General store in Bastrop, Louisiana, and that she suffered injuries including "pain and suffering, mental anguish, past and future lost wages, medical expenses past and future, permanent disabilities, loss of earnings and earning capacity, loss of enjoyment of life, household services and other items of special damages." [Doc. No. 1-1, ¶ 6].

On April 18, 2010, Plaintiff filed suit in the Fourth Judicial District Court of Morehouse

Parish, Louisiana, against Dolgencorp and Fatheree, the manager on duty at the Dollar General store at the time of the alleged accident.

On June 2, 2010, Defendants removed the case to this Court on the basis of diversity jurisdiction.

On June 25, 2010, Defendants filed a Motion to Remand [Doc. No. 7] and, on July 28, 2010, a Motion to Strike the Affidavit of Shirley Kelly [Doc. No. 13]. Both motions were referred to Magistrate Judge Hayes pursuant to 28 U.S.C. § 636(b)(1)(A) and standing order of this Court.

On September 1, 2010, Magistrate Judge Hayes issued a Memorandum Ruling [Doc. No. 25] granting Plaintiff's Motion to Remand, denying Defendants' Motion to Strike, and remanding the case to the fourth Judicial District Court of Morehouse Parish, Louisiana. The Magistrate Judge held that the amount in controversy did not exceed $75,000, that Fatheree was not improperly joined, and that Plaintiff's affidavit was competent evidence and further supported her claim against Fatheree.

On September 15, 2010, Defendants filed an Appeal [Doc. No. 27] of the Magistrate Judge's Memorandum Ruling.

## II. LAW AND ANALYSIS

Defendants argue that the Magistrate Judge erred when she held that the amount in controversy did not exceed $75,000, that Fatheree was not improperly joined, and that Plaintiff's affidavit was competent evidence and further supported her claim against Fatheree.

Plaintiff's Motion to Remand is a non-dispositive pre-trial matter.[1] Under 28 U.S.C. §

---

[1] The Court is aware that other courts have held that motions to remand are dispositive motions and review a magistrate judge's rulings on them *de novo*. However, the Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand, and this Court has adhered to the view that a motion to remand is a non-dispositive pretrial matter and applies the clearly erroneous/contrary

2

636(b)(1)(A) and FED. R. CIV. P. 72(a), the Court reviews a magistrate judge's rulings on a non-dispositive matter only to determine whether they are clearly erroneous or contrary to law.

### A. Amount in Controversy

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1332(a)(1)). "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, . . . the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).

In her Memorandum Ruling, the Magistrate Judge found that it was not facially apparent from Plaintiff's Petition that the amount in controversy exceeded $75,000 at the time of removal because "Plaintiff's allegations are general and conclusory; she does not allege any specific physical injuries she suffered, emergency transportation, hospital stays, specific types of medical treatment, what the costs of any treatment were, or whether her injuries and/or treatment persist." [Doc. No. 25,

---

to law standard of review. *Davis v. Kemp*, No. 08-2027, 2009 WL 1307890, at *1 (W.D. La. May 11, 2009).

3

p. 4]. The Magistrate Judge also found that Defendants did "not provide any supporting documentation to establish the required amount in controversy." *Id.*

The Court finds that the Magistrate Judge's holding that the amount in controversy did not exceed $75,000 was not clearly erroneous or contrary to law.

Citing cases from other districts, Defendants note that Plaintiff seeks damages for permanent disability, lost wages, and medical expenses and that those damages are enough to demonstrate that the amount in controversy exceeds $75,000. *See, e.g., Carpenter v. Dollar Gen. Corp.*, No. 08-1087, 2008 WL 4544348 (E.D. La. Oct. 8, 2008). However, in those cases, the plaintiff alleged specific injuries. For example, in *Carpenter*, the plaintiff alleged injuries including:

(a) Strain, sprain, subluxation and other hurt and damage to the entire body, including the back and neck, the spine, bones, joints, nerves, tendons, ligaments, cartilages, muscles, facial and other soft tissues;

(b) Severe headaches, emotional upset and distress and other psychological sequela;

(c) Cervical spine strains;

(d) Lumbosacral spine strain;

(e) Thoracic spine strain;

(f) Spinal injury and disability;

(g) Spinal muscle spasms;

(h) Cephalalgia;

(i) Memory loss; and

(j) Depression.

*Id.* at *1. In this case, Plaintiff does not allege specific injuries.

Defendants also argue that Plaintiff's failure to comply with LA. CODE CIV. PROC. art. 893 necessitates a finding that the amount in controversy exceeds $75,000. Article 893 provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim . . . is less than the requisite amount is required."

It is undisputed that Plaintiff did not include a general allegation in her Petition that her claim exceeded $75,000 and that Defendants provided Plaintiff with a stipulation that Plaintiff's damages did not exceed $75,000, but Plaintiff did not sign the stipulation. However, Defendants offer no authority for the proposition that Plaintiff's failure to comply with Article 893 or to sign a stipulation related to damages grants this Court subject matter jurisdiction to hear this case. While "failing to allege that her damages were insufficient to satisfy the federal jurisdictional minimum" may "suggest[] . . . that the requisite jurisdictional amount is in controversy," Defendants do not set forth summary judgment type evidence of facts that support a finding of the requisite amount. *See Celestine v. Big Lots Stores, Inc.*, No. 05-0398 (W.D. La. July 18, 2005) ("Jurisdictional Review Ruling and Order"); [Doc. No. 27-2, Exhibit C]. Furthermore, "[a] failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and does not on its own establish that this Court has jurisdiction." *Fernandez v. Allstate Ins. Co.*, No. 07-9299, 2008 WL 314405, at *2 (E.D. La. Feb. 1, 2008) (citing *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. April 18, 2006)).

The Magistrate Judge's finding that the amount in controversy did not exceed $75,000 was not clearly erroneous or contrary to law. Because remand for lack of subject matter jurisdiction would be appropriate on this basis alone, the Court need not decide whether the Magistrate Judge

erred in finding that Fatheree was not improperly joined or that Plaintiff's affidavit was competent evidence and further supported her claim against Fatheree.

Defendants' Appeal is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendants' Appeal [Doc. No. 27] is DENIED, and the Magistrate Judge's Memorandum Ruling [Doc. No. 25] is AFFIRMED.

MONROE, LOUISIANA, this **31** day of **October**, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT